Ruffin, C. J.
 

 The Court cannot concur in the construction put on the deed by his Honor. That instrument enumerates many debts from the maker to sundry persons. Some of them are described specially, as being due, for example, by bonds, of such and such dates, for certain sums mentioned, and payable at certain days mentioned. ' Others are described as being due by bond or by judgment to particular persons for “about” certain sums mentioned. And others again are described as being due on open accounts, for “about the sums” specified. It is obvious that the writer of the deed did not know at the time the precise amoun tf;of the several debts, thus described as being for “about” such sums. But there can be no difficulty to the trustee in administering the fund, nor any serious doubt, as it seems to the Court, of the meaning of the party. The debts are sufficiently identified by the names of the debtor and of the several creditors and the nature of the debt, as arising on bonds, notes, judgments, or open accounts. The amount of of each debt was added as a farther description; and where the amount is stated to be a specific sum, thus due, that may be deemed an essential part of the description, which cannot be departed from. But where the debt is otherwise well enough described, and then, as an additional description, the amount is given, but is given as not being certainly the true amount, or as not being certainly known to be so, it would seem but a fair interpretation of the meaning of the
 
 *181
 
 parties, to hold that the accurate and sufficient parts of the description, in respect to which the words of the deed are affixmative and positive, should not be restrained in their obvious import,
 
 per se,
 
 by a further description, which thus professes on its face to be conjectural. The several sums, thus mentioned as the probable amounts of some of the debts, could not have been intended as exclusively controlling the-operation of the deed in that respect. For suppose this debt, instead of being more than $1000, had turned out to be less ; for example $800 ; no one could contend that, notwithstanding, the creditor could claim the whole sum of $1000, upon the ground that the deed mentioned and secured the debt really owing ; and therefore the deed would be restrained to the lesser sum. So, on the other hand, when the true debt exceeds the conjectural sum specified, the security must be considered as extending to the whole debt. We think nothing less can be held, upon the supposition which must be made here — that no fraud was intended on the other creditors by concealing the real amount of the debt, and that the language of the deed was used to describe the debt correctly, as far as the party was able at the time to do so.
 

 It was, indeed, argued, that the true construction is, that only the sum of $1000 was intended to be secured, whatever the amount of the debt might be. But that seems to be wholly inadmissible. If that had been the meaning, the language would have been, that the maker of the deed was desirous to secure the debt to his ward, or a part thereof, not exceeding the sum of $1000. But'the words under consideration are used in that part of the deed, which is descriptive of the debts; and it is in a su bsequent part that it is said, “ that the said J. B. is honestly desirous of securing the payment of
 
 all the debts above named or referred to,”
 
 and yet further on the trustee is required (after some prior applications) “ to pay the residue of the funds in his hands towards the discharge of the
 
 remaining debts named,
 
 in the order in which they are named- above.” It is obvious, therefore, that the sum secured to Lucy F. Jinkins is not a part of any
 
 *182
 
 sum due to her, but the debt thus secured to her, is her en-^re debt — supposed indeed to be, “ about the sum of $1000, more or less, but intended to be secured as a whole, whether more or ]egg> The interlocutory order was, therefore, as we think, erroneous, and must be reversed with costs in this court. This will accordingly be certified to the Court of Equity.
 

 Ter Curiam, Ordered accordingly.